IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| V. | § | |
| | § | No. 3:16-cr-240-B (2) |
| PAUL EMORDI, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

### Background

Defendant Paul Emordi has been found guilty by a jury of one count of Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349 (18 U.S.C. § 1347). *See* Dkt. No. 253 at 1. Under 18 U.S.C. § 3143(a)(1), United States District Judge Jane J. Boyle remanded Defendant to the custody of the United States Marshals immediately after the reading of the jury's verdict but stated that Defendant could file a motion for immediate referral to a magistrate judge on the issue of whether clear and convincing evidence exits that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142 (b) or (c).

Defendant has filed an Emergency Motion for Release Pending Sentencing, in which he explains:

> Paul Emordi was charged by Indictment with conspiracy to commit healthcare fraud on June 7, 2016. A Pretrial Detention hearing was held on June 24, 2016, in front of United States Magistrate Judge David Horan. On that same date, Judge Horan ordered Emordi to be released on bond with certain conditions. In addition to the general requirements,

-1-

Emordi was ordered (among other requirements) to submit to supervision by and report for supervision to the Supervising Officer with the United States Probation, to limit his travel to the Northern District of Texas, to surrender his U.S. and Nigerian passports, and others. Notably, Mr. Emordi was not restricted to home detention, nor was he required to submit to location monitoring. As of today's filing, Emordi has remained compliant with every condition of pretrial release while awaiting his trial, which concluded today. On October 30, 2018, Emordi was convicted by a jury on Count One of a Second Superseding Indictment. The Honorable Judge Jane J. Boyle ordered Emordi, and co-defendants, remanded to the custody of the United States Marshals immediately after the reading of the jury's verdict.

Judge Boyle stated that Emordi, and the co-defendants, could file a Motion for immediate referral to a Magistrate Judge on the issue of whether clear and convincing evidence exits that Emordi is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142 (b) or (c). Pursuant to 18 U.S.C. § 3143(a)(1), detention is not required if clear and convincing evidence exists that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3132 (b) or (c). No additional factors are required to be considered. Cf. 18 U.S.C. 3143(a)(2) (adding additional considerations for certain offenses not applicable here). Here, Emordi is not a flight risk nor does he pose a danger to the safety of any other person or the community if released on reasonable conditions consistent with those already in place. As stated above, Emordi has been fully compliant with all of the conditions of his pretrial release for over two years. Mr. Emordi does not have any prior criminal convictions, has surrendered his passports and has not been a risk of flight (even without wearing a location monitoring device). Further, Emordi and his wife are long-time residents of the Dallas, Texas area, having lived at the same address for over 9 years. He has three children and a wife, whom he would not abandon.

For the reasons set forth herein, and in the interests of justice, Emordi requests that he be released from custody while awaiting sentencing. Emordi prays for such relief immediately upon the filing of this motion. In the alternative, Emordi requests an emergency hearing as soon as practicable so he may be heard on the issues pursuant to 18 U.S.C. § 3143(a)(1).

Dkt. No. 254 at 1-2.

Judge Boyle referred this motion to the undersigned magistrate judge for

hearing, if necessary, and determination. *See* Dkt. No. 257.

Defendant is now set for sentencing before Judge Boyle on March 21, 2019. *See* Dkt. No. 260.

The government opposes release pending sentencing. *See* Dkt. No. 264.

The Court held a hearing on the motion on November 1, 2018, at which Defendant appeared in person and through counsel and the government's counsel appeared. *See* Dkt. Nos. 258 & 266.

**Legal Standards**

"[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). "A convicted defendant has no constitutional right to bail. Thus, as the parties acknowledge, any putative right to bail derives from 18 U.S.C. § 3143, which establishes a presumption against its being granted." *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006) (citations and internal quotation marks omitted).

Release of "a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence" pursuant to Section 3143(a)(1) requires that "the judicial officer find[] by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released

under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)).

Absent such a finding – which requires the defendant's release under 18 U.S.C. § 3142(b) or (c) – the convicted defendant "shall ... be detained" while "awaiting imposition or execution of sentence." 18 U.S.C. § 3143(a)(1) ("Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)."); *accord United States v. Abdallah*, No. 01-11219, 281 F.3d 1279 (table), 2001 WL 1692455, at *1 (5th Cir. Nov. 26, 2001).

As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See* FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013). And another Court of Appeals has explained that "18 U.S.C. § 3143(a)(1) creates a presumption in favor of detention; it places the burden on the defendant to defeat that presumption; and it requires the defendant to carry that burden by clear and convincing evidence, not by a mere preponderance," and that "[o]nly if a defendant clears these high procedural hurdles is he entitled to release pending sentencing." *United States v. Abuhamra*, 389 F.3d 309, 320 (2d Cir. 2004). "Among factors the district court should consider in determining whether to grant a convicted defendant's motion for release pending sentencing are those factors enumerated in 18 U.S.C. § 3142(g) governing pretrial release." *United States v. Majors*, 932 F. Supp. 853, 855 (E.D. Tex. 1996) (citing *United States v. Vance*, 851 F.2d 166, 169-70 (6th Cir. 1988)).

**Analysis**

As the government correctly notes, courts routinely discount compliance with pretrial release conditions when deciding on presentencing release because "'[s]omething has changed since trial; Defendant is no longer presumed innocent but

is guilty of the counts of conviction. His [or her] legal status has changed, increasing his [or her] incentive to flee.'" *United States v. Adenuga*, No. 3:12-cr-313-P, 2014 WL 349568, at *5 (N.D. Tex. Jan. 31, 2014) (quoting *United States v. Jinwright*, No. 3:09-cr-67-W, 2010 WL 2926084 (W.D.N.C. July 23, 2010)). "This change in legal status removes the possibility that the defendant might avoid criminal punishment – subject to appeal – which increases his incentive to flee." *United States v. Patel*, No. CR 13-286, 2016 WL 80566, at *2 (E.D. La. Jan. 7, 2016) (citing *United States v. Garcia Garcia*, 727 F. Supp. 318, 320 (N.D. Tex. 1989), as "concluding that once a defendant has been convicted '[t]he hope for leniency or victory at trial no longer exists to counterbalance the incentive to avoid criminal punishment by fleeing the jurisdiction'").

The fact, then, that Defendant complied with the terms of his pretrial release does not, in and of itself, clearly and convincingly show that Defendant is not a flight risk post-conviction, even though Defendant has appeared for court and remained compliant on release.

And proving by clear and convincing evidence that he is not likely to flee if released, after having been convicted, is a heavy burden and one that the Court finds Defendant has not met. Defendant has ties to Nigeria and relatively recent travel to Nigeria and apparently could, as the government explains, apply for a Nigerian passport in the United States, after having surrendered her existing Nigerian passport. The Court is not persuaded that Defendant's compliance with his state probation on a health care fraud charge is clear and convincing evidence of his likely compliance with presentencing release conditions where the basis for the charge of which he is now

-6-

convicted was evasion of an exclusion from the Medicare program resulting from the previous state charges. And conviction of an offense carrying the possibility of a substantial prison term and restitution order increases any defendant's incentive to flee, including with a family from whom he faces possibly being separated for many years.

In short, as explained at the November 1, 2018 hearing, the Court finds that Defendant has not – in the face of evidence of a risk of flight for the reasons explained above – shown by clear and convincing evidence that he is not likely to flee if released under any combination of conditions under Section 3142 based on his family ties, his age, health, and financial condition, or his prior compliance with court-imposed conditions.

## Conclusion

For these reasons, the Court DENIES Defendant Paul Emordi's Emergency Motion for Release Pending Sentencing [Dkt. No. 254].

SO ORDERED.

DATED: November 1, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE